IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Sherman Construction Company, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> NGM Insurance Company; MarKim Erection Co. Inc.; and BlueScope Buildings of North America, Inc. d/b/a Varco Pruden Buildings <br><br> Defendants. | C/A No. 3:15-CV-3189-JFA <br><br><br> **ORDER** |

This matter is before the court on BlueScope Buildings of North America, Inc. d/b/a Varco Pruden Buildings' ("VP") Motion to Dismiss for failure to state a claim asserted pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure. VP seeks to dismiss several claims asserted by Plaintiff Sherman Construction Company, Inc. ("Sherman") in its "First Supplemental Complaint".

## I.     FACTUAL AND PROCEDURAL HISTORY

This case arises out of the construction of a University of South Carolina indoor sports practice facility ("Project"). Sherman, as the general contractor, entered into a contract with the University of South Carolina to construct a metal building large enough to house a football field and all of its necessary accouterments. Sherman, in turn, entered into a subcontract with Defendant MarKim Erection Co. Inc. ("MarKim") to erect a pre-engineered metal building. MarKim then entered into an agreement with VP for VP to provide pre-engineered metal building components for the Project. At the crux of its complaint, Sherman asserts that MarKim and VP failed to deliver building components that complied with applicable specifications and are suing for the alleged

damages resulting therefrom. Additionally, Defendant NGM Insurance Co., issued a subcontract performance bond in favor of Sherman, as obligee, to secure MarKim's performance under their subcontract. MarKim and VP's alleged failure to provide the contracted for components, along with NGM's failure to perform under the performance bond, resulted in the current litigation.

Sherman filed a complaint in the Richland County Court of Common Pleas on July 8, 2015. The case was then removed to the Federal District Court for the District of South Carolina on August 12, 2015. (ECF No 1). In response to Sherman's initial complaint, VP filed a motion to dismiss for failure to state a claim. (ECF No. 9). This Court terminated that motion as moot in light of Sherman's filing of an amended complaint. (ECF No. 39). In response to Sherman's amended complaint, VP filed another motion to dismiss for failure to state claim. (ECF No. 38). This Court then granted Sherman's motion to amend its complaint (ECF No. 54) and Sherman filed the First Supplemental Complaint on December 17, 2015. (ECF No. 55). The Court then terminated VP's second motion to dismiss as moot in light of Sherman's filing of the First Supplemental Complaint. (ECF No. 68). Consequently, VP filed a third motion to dismiss for failure to state a claim on January 4, 2016. (ECF No. 58). Sherman filed a response on January 21, 2016, and therefore this matter is ripe for determination. (ECF No. 62).

## II.     LEGAL STANDARD

"When ruling on a 12(b)(6) motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc*., 637 F.3d 435, 440 (4th Cir. 2011) (quotations and citations omitted). Additionally, the court must draw all reasonable inferences in favor of the plaintiff. *Id.* To survive the motions, the complaint must allege facts sufficient to state a claim "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, the complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Kolon Indus*., 637 F.3d at 440. "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.  ANALYSIS

VP has moved to dismiss five of the claims asserted by Sherman in the First Supplemental Complaint: (1) "Negligence"; (2) "Intentional Interference with Contract"; (3) "Equitable Indemnity"; (4) "Declaratory Judgment"; and (5) "Assignment of Claims from Downs Construction". Along with its Motion to Dismiss, VP has filed a Memorandum in Support and several attachments. Although both parties expend several pages discussing the Courts ability to analyze a purchase order attached to VP's motion to dismiss, this Court has determined that any reliance upon the purchase order is unnecessary in determining this motion[1]. Therefore, the Court will look solely to the Complaint in determining the sufficiency of the claims challenged.

### A.  *Sherman's Negligence and Interference Claims*

In its Supplemental Complaint, Sherman alleges that VP is liable in tort for negligence and intentional interference with contract. (ECF No. 55 pp. 15–16, 18–19). VP has moved to dismiss these claims, arguing that both are barred by South Carolina's economic loss doctrine.

South Carolina's economic loss rule provides that when a buyer's expectations in a sale are frustrated because the goods do not work properly, the remedies are limited to those prescribed by contract law. *Palmetto Linen Serv., Inc. v. U.N.X., Inc.*, 205 F.3d 126, 128 (4th Cir. 2000). The economic loss rule works to bar negligence actions when the duties between the parties are created solely by contract. *Id.* at 129. Therefore, "in most instances, a negligence action will not lie when

---

[1] The purchase order was attached to support the applicability of the U.C.C. as the governing law in this case. However, neither party appears to deny the applicability of the U.C.C., and therefore the purchase order is unnecessary.

3

the parties are in privity of contract." *Tommy L. Griffin Plumbing & Heating Co. v. Jordan, Jones & Goulding, Inc.*, 320 S.C. 49, 55, 463 S.E.2d 85, 88 (1995). However, when there is a special relationship between the alleged tortfeasor and the injured party not arising in contract, a breach of that duty of care will support a tort action. *Id.* The existence of such a duty "will depend on the facts and circumstances of each case." *Id.* at 55–56, 463 S.E.2d at 89. South Carolina courts have allowed negligence actions to proceed against engineers and lawyers based on their professional duties to the injured parties. *Palmetto Linen*, at 129. Conversely, South Carolina has not allowed tort claims to proceed when the relationship between the parties is merely that of vendor-vendee. *Id.*

Here, Sherman has specifically asserted that along with VP's supply of metal building components, "VP has a special relationship with Sherman as defined under South Carolina Law." (ECF No. 55 ¶ 74). Additionally, Sherman has stated that VP supplied "pre-engineered" building components and filed an affidavit supplied by its "Engineering Services Manager." (ECF No. 62 p. 11). These admissions related to engineering services, when construed in favor of Sherman, could support an inference that any tort claims, including negligence and intentional interference with contract, fall within the "special relationship" exception to the economic loss rule.

Conversely, VP vehemently contends these assertions and argues that there is no special relationship between the parties. VP insists that its relationship with Sherman is merely that of a vendor-vendee and any causes of action must be limited to those provided for in contract by the U.C.C. However, this Court "must accept as true all of the factual allegations contained in the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). Therefore, Sherman has alleged facts sufficient to state claims for negligence and intentional interference with contract that are plausible on their faces.

### *B. Sherman's Equitable Indemnity Claim*

Similar to the arguments asserted above, VP contends that because the economic loss doctrine bars Sherman's tort claims it subsequently bars any tort-based equitable indemnity claims. Additionally, VP asserts that any indemnity claim based on an implied contractual theory requires a "special relationship" outside of a common vendor-vendee relationship, which is not present in this case. *See Myrtle Beach Pipeline Corp. v. Emerson Elec. Co*., 843 F. Supp. 1027, 1065 (D.S.C. 1993), aff'd, 46 F.3d 1125 (4th Cir. 1995).

As stated above, Sherman has specifically asserted that "VP has a special relationship with Sherman as defined under South Carolina Law." (ECF No. 55 ¶ 74). Additionally, VP's admissions related to engineering services, when construed in favor of Sherman, could support an inference that any tort claims, including negligence and intentional interference with contract, fall within the "special relationship" exception to the economic loss rule. Because the tort claims are plausible on their face, a tort-based equitable indemnity claim is plausible as well.

Moreover, the "special relationship" required for implied contractual indemnity appears to be the same as that needed to defeat the economic loss doctrine. *See Myrtle Beach Pipeline,* at 1065. Here, Sherman has plead factual content that allows the court to draw a reasonable inference that the relationship between VP and Sherman is more than that of a mere vendor-vendee. Therefore, Sherman's Complaint is sufficient to support a claim for implied contractual indemnity as well. Consequently, Sherman's claim for equitable indemnity must not be dismissed.

### *C. Sherman's Declaratory Judgment Claim*

Within the First Supplemental Complaint, Sherman has sought several declarations by way of a declaratory judgment. (ECF No. 55 pp. 21–22). Of those declarations sought, Sherman seeks a ruling with respect to VP's bond claim against Sherman's surety. At the time of filing of this Motion to Dismiss, Sherman's surety was not a party to this litigation. In South Carolina, "[w]hen

5

declaratory relief is sought all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." S.C. Code Ann. § 15-53-80.

VP contends that the absence of Sherman's surety would result in a declaratory judgment that is not binding upon a party affected by the declaration and should therefore be dismissed. Without reaching the merits of this claim, this Court notes that Sherman's surety, Travelers Casualty and Surety Company of America, has been brought in as a third-party defendant via VP's responsive pleadings. (ECF No. 69). Therefore, any subsequent declaratory judgment would now be binding on Sherman's surety as it is a party in this litigation. Consequently, VP's motion to dismiss Sherman's declaratory judgement action as to VP's bond claim is now moot.

### D. Sherman's Assignment Claim

Finally, VP argues that Sherman's "Assignment of Claims from Downs Construction" fails to state a claim upon which relief can be granted and should therefore be dismissed. Alternatively, VP has requested a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

The Federal Rules require only a "short and plain statement of the claim showing that the pleader is entitled to relief." FRCP (8)(a)(2). In its Complaint, Sherman simply states that "Downs assigned to Sherman all of Downs' claims against . . . VP." Here, Sherman may have asserted that it has been assigned claims entitling it to relief, but it has failed to specify what those claims are – let alone facts to support those claims. This vague sweeping statement asserting "all of Downs' claims" does little, if any, to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Kolon Indus.*, 637 F.3d at 440. These assignment claims are so vague or ambiguous that the party cannot reasonably prepare a response. FRCP 12(e). In light of this determination, this Court finds it prudent to order Sherman to issue a more definitive statement

that specifically articulates the claims assigned by Downs and sought to be enforced by Sherman. Consequently, VP's motion to dismiss the assignment claims for failure to state a claim are denied, but VP's alternative motion for a more definite statement is granted.

## IV.   CONCLUSION

In accordance with the forgoing discussion, this Court hereby **DENIES** VP's motion to dismiss for failure to state a claim as to Sherman's negligence, intentional interference with contract, and equitable indemnity claims; **DENIES** as moot VP's motion to dismiss as to Sherman's declaratory judgment claim; **DENIES** VP's motion to dismiss Sherman's assignment claims; and **GRANTS** VP's motion for a more definite statement as to those assignment claims. Sherman is hereby ordered to issue a more definite statement as to those claims assigned by Downs and asserted in this litigation within 14 days after the filing of this order.

IT IS SO ORDERED.

September 12, 2016,                          Joseph F. Anderson, Jr.
Columbia, South Carolina                     United States District Judge

7